# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2010

No. 09-20241

Charles R. Fulbruge III
Clerk

VERNIE MCBRIDE, JR.,

Plaintiff - Appellant

v.

WILLIAM POWERS, UHCL Director of TDCJ and Adjunct Instructor; ANN
BRANTELY, WSD College Liaison Darrington Unit; KENNETH
NEGBENEBOR, Warden Ramsey Unit; DENISE BUSHART, WSD Principal
Ramsey Unit; DOUG WALDRON, Region III Assistant Regional Director,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2926

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Vernie McBride, Jr. is an inmate in the custody of the
Texas Department of Criminal Justice ("TDCJ").  McBride brought suit under
42 U.S.C. § 1983, seeking declaratory and injunctive relief as to his alleged
entitlement to a tuition exemption for coursework towards a Master's degree
from the University of Houston-Clear Lake ("UHCL") under TDCJ's Academics

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20241

for Offenders program.  In this appeal, McBride seeks reversal of the district court's order dismissing his complaint as malicious or frivolous.  For the reasons stated herein, we MODIFY and AFFIRM the judgment of the district court.

## I. FACTS AND PROCEDURE

### A. McBride's Federal and State Complaints

McBride filed a *pro se* complaint and supporting memorandum in this case on September 22, 2008.  McBride moved to appear *in forma pauperis.*  He named five defendants: William Powers, UHCL Director of TDCJ and Adjunct Instructor for Graduate and Undergraduate Programs at TDCJ's Ramsey I Unit; Ann Brantley, Windham School District College Coordinator/Liaison at TDCJ's Darrington Unit; Kenneth Negbenebor, Warden of the Ramsey I Unit; Denise Bushart, Principal, Windham School District; and Doug Waldron, Region III Assistant Regional Director.  All defendants were sued in both their individual and official capacities, and were alleged to have acted under color of law to deprive McBride of his rights.

McBride stated that he submitted an application to UHCL in January 2005.  As a Texas citizen and veteran of the U.S. Armed Forces, McBride requested an exemption from paying tuition under Texas's Hinson-Hazlewood Act, or "Hazlewood exemption."  *See* TEX. EDUC. CODE ANN. § 54.203(a) (Vernon 2007).  However, McBride stated:  "Dr. Bill Powers, Ann Brantley and others have repeatedly denied my attempts to register, albeit various sources indicate that I am eligible for Hazelwood [sic] exemption."  McBride said he had already obtained Bachelor's and Associate's degrees using Hazlewood exemptions while in the custody of TDCJ.  However, defendants denied McBride a Hazlewood exemption because of a prior default on a federal student loan, and also because he "committed a duplicitous act."  He averred that the denial of a Hazlewood exemption violates his rights to equal protection and due process.

No. 09-20241

McBride acknowledged that he had previously defaulted on a student loan, and included as Exhibit 1 to his complaint a letter from the U.S. Department of Education, Office of Postsecondary Education. The letter, dated January 26, 2001, stated in part:

> As you know, your defaulted student loan has been in collection with the Department of Education (ED). ED has now charged off this debt as no longer collectible. Although ED will not take any further action to collect the debt, ED will continue to report this debt to other federal agencies as past due. This past due debt may affect your eligibility for Title IV federal financial aid . . . .

There is no indication from McBride or any defendant that this loan was made or guaranteed by the State of Texas.

Notwithstanding this unremedied loan default, McBride asserts that he remains eligible for a tuition exemption. As evidence thereof, he includes as Exhibit 2 a letter from the Texas Higher Education Coordinating Board ("THECB"). The letter, dated December 6, 2007, states in relevant part:

> Coordinating Board rules indicate the following with regard to eligibility for students in default on loans:
>
> > §21.2102 Eligible Veterans
> >
> > In order to be eligible to receive a Hazlewood Act Exemption, a veteran shall demonstrate that he or she:
> >
> > (5) is not in default on an education loan made or guaranteed by the State of Texas and is not in default on a federal loan if that default is the reason the student cannot use his or her federal veterans' benefits;
>
> Apparently the school believes you are in default on a federal loan and that the default makes you ineligible for Hazlewood. This is only true if the default is keeping you from being able to use your federal veterans' benefits (GI Bill, etc.). If you did not sign up for federal veterans' benefits or if you signed up for them and have used all of them, your loan status has no impact on your eligibility for Hazlewood.

No. 09-20241

Contrary to the above letter, McBride was notified on August 14, 2006 by Susan Sims, Windham School District Principal, that he was not eligible. Sims's communication is included as Exhibit 3 to the complaint.

McBride says he was then informed by Sims that courses towards a Master's degree would cost "approximately $500 each." He signed documents and a contract agreeing to pay for the classes from his inmate trust account. He was transferred to TDCJ's Ramsey Unit in May 2007 in order to begin his coursework. McBride says that upon arrival at Ramsey Unit, Defendant Powers informed him that UHCL courses would actually cost $865 each. McBride could not afford the additional cost, and did not pay. Powers also told McBride that he was ineligible for a Hazlewood exemption due to his loan default.

McBride says he "repeatedly, but unsuccessfully," attempted to discuss the matter with Powers. On March 24, 2008, McBride received a letter from Powers, included as Exhibit 4 to the complaint, which states in part:

> As I have informed you on countless occasions both face to face and through written correspondence, you are prohibited from attending [UHCL] utilizing the Hazelwood [sic] waiver because you are in default on a student loan. [. . .]

> In addition, you admitted to me that you indicated that you would be paying for classes out of your trust fund with no intention of doing so, but rather only in order to be transferred to the Ramsey unit. In cooperation with Ms. Ann Brantley at WSD, you are not permitted to register for classes due to your duplicity.

McBride filed grievances with TDCJ. When these failed to bring relief, McBride brought suit. He requested declaratory and injunctive relief, and court costs. McBride noted in his complaint that he had filed a separate lawsuit on or about July 1, 2008, in Brazoria County Court of Law #4.

### B. Procedure Before the District Court

The district court granted McBride's motion to appear *in forma pauperis*. Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b), the

court screened the pleadings and ordered that all defendants be served. Defendants were instructed to answer within forty days and file dispositive motions within ninety days. Defendants filed a joint answer on January 6, 2009, generally denying that McBride qualified for a Hazlewood exemption. Defendants also asserted defenses including qualified and official immunity.

On January 30, 2009, defendants moved to dismiss McBride's complaint. Defendants asserted that McBride was statutorily disqualified from a Hazlewood exemption due to his federal loan default. Defendants said the letter from THECB suggesting that McBride might actually be eligible for an exemption relied on an administrative rule, and therefore could not supersede the statute. Defendants also said the lawsuit should be dismissed because it duplicated a pending state-court lawsuit. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Defendants included a copy of McBride's state-court petition, in which McBride recounted the same facts asserted in his federal lawsuit, and sought declaratory and injunctive relief concerning his right to a Hazlewood exemption. The state-court lawsuit named Powers and Brantley as defendants. McBride opposed the motion. He argued that only individuals who had defaulted on loans guaranteed by the State of Texas were disqualified from the Hazlewood exemption. However, McBride acknowledged that he had filed a "similar complaint in Brazoria County."

McBride also moved for appointment of counsel and filed requests for admissions and production of documents from defendants. Defendants moved to stay discovery and enter a protective order. The court denied McBride's motion to appoint counsel, ordered that discovery be stayed, and granted defendants' motion for a protective order. The court also stated with reference to defendants' motion to dismiss: "Because the motion includes various exhibits and refers to matters outside the pleadings, the Court hereby notifies the parties that it intends to treat the motion as one for summary judgment . . . ."

No. 09-20241

On April 1, 2009, the district court granted defendants' motion to dismiss. The court held that McBride's complaint was "malicious" within the meaning of the PLRA because "the underlying facts found in McBride's pending civil rights complaint duplicate the allegations presented by him previously in his state court action." *See id.* The court alternatively held that McBride's complaint failed to state a claim upon which relief could be granted because McBride did not qualify for a Hazlewood exemption, owing to his federal loan default. McBride also failed to state a claim for violation of his equal protection or due process rights, as inmates have no constitutional right to participate in rehabilitative or educational programs while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The court assessed McBride a "strike" for filing a malicious or frivolous claim. *See* 28 U.S.C. § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

## II. DISCUSSION

McBride argues in this appeal that he is eligible for the Hazlewood exemption, and therefore, defendants have violated his due process and equal protection rights by denying him the opportunity to attend UHCL cost-free. He also says the district court erred in finding his complaint malicious or frivolous. While McBride acknowledges that he filed a nearly identical suit in state court, he says this should not bar his claims in the federal forum because he has invoked the federal court's "power for pendant jurisdiction." Defendants ask us to affirm the district court's holdings in their entirety.

Because McBride appears *in forma pauperis*, the court "shall dismiss the case at any time" if it determines that the action or appeal "is frivolous or malicious." § 1915(e)(2)(B)(i). An action or appeal must also be dismissed if it "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). In *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993), we held that a district court may dismiss a lawsuit as "malicious" if the suit "duplicates allegations of

6

another pending federal lawsuit by the same plaintiff." We review a dismissal under § 1915(e)(2)(B)(i) for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Because McBride admitted to filing a near-identical suit in another forum, we cannot say that the district court erred in dismissing this case as "malicious."[1] However, given that this was the basis of the district court's holding, dismissal should have been without prejudice. *See Pittman*, 980 F.2d at 995. Because it was proper to dismiss the lawsuit solely because it duplicated a state-court lawsuit, we need not review the district court's discussion of McBride's eligibility for the Hazlewood exemption.

While we do not adjudicate the merits of McBride's Hazlewood claim, we note that the Texas Legislature has amended the statute. Until June 19, 2009, subsection (e) of the statute read in part:

> A person is covered by the [Hazlewood] exemptions if the person's right to benefits under federal legislation is extinguished at the time of registration, except that a person is not eligible for an exemption from fees under this section if the person's right to benefits under federal legislation is extinguished because the person is in default of repayment of a loan made to the person under a federal program to provide or guarantee loans for educational purposes.

TEX. EDUC. CODE ANN. § 54.203(e) (Vernon 2007). Subsection (e-1) of the statute read: "A person is not eligible for an exemption under this section if the person is in default on a loan made or guaranteed for educational purposes by the State of Texas." *Id*. § 54.203(e-1). Based on subsection (e), defendants argued, and the district court held, that McBride was ineligible for the Hazlewood exemption. McBride apparently relied on subsection (e-1), and argued that because he had

---

[1] It appears that the state-court lawsuit was dismissed by the County Court of Law Number Four, Brazoria County, with prejudice as frivolous on September 11, 2009. The court did not state reasons. We may take judicial notice of the fact of dismissal. *See* FED. R. EVID. 201(f). However, the eventual dismissal of McBride's state-court lawsuit does not change the fact that his federal lawsuit was malicious at the time it was filed and subsequently dismissed.

not defaulted on a loan guaranteed by the State of Texas, he was still eligible for the Hazlewood exemption.

Effective June 19, 2009, the Texas Legislature has struck from subsection (e) the language disqualifying a person from a Hazlewood exemption due to a federal loan default. *See* TEX. EDUC. CODE ANN. § 54.203(e) (Vernon 2009). This change has prospective effect only, and "applies beginning with tuition, dues, fees, and other charges for the 2009 fall semester." 2009 Tex. Sess. Law Serv. ch. 1340, § 4(a) (West). Whether McBride may assert rights under the amended statute is not before us. However, because we modify the district court's dismissal to be without prejudice, and because any discussion of McBride's rights concerns the pre–2009 version of the statute, we discern no impediment to McBride seeking to re-apply for a Hazlewood exemption under the new statutory framework.

## III. CONCLUSION

We affirm the district court's dismissal of McBride's federal lawsuit because it duplicated a then-pending state-court lawsuit. However, for the reasons stated, the district court's judgment is hereby MODIFIED so that the dismissal is without prejudice to McBride's rights, past or present, under Section 54.203 of the Texas Education Code.

MODIFIED, and AFFIRMED as MODIFIED.