# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2011

No. 10-20772
Summary Calendar

Lyle W. Cayce
Clerk

BARRY EMMETT,

Plaintiff-Appellant

v.

J. EBNER, Chief of Classification; RICK THALER; JOHN/JANE DOES, as applicable,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3611

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Barry Emmett, Texas prisoner # 1383329, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted, predicated on his lack of exhaustion of administrative remedies and the insufficiency of the factual and legal grounds of his allegations. Emmett alleged that several of his constitutional rights were violated based on phone restrictions imposed upon him following his conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a frivolous prison disciplinary case that was brought in retaliation for his filing of grievances.

De novo review applies to the district court's sua sponte dismissal of Emmett's complaint pursuant to 28 U.S.C. § 1915A(b)(1). *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 214-16 (2007)). Regarding the district court's determination that he failed to exhaust his administrative remedies, Emmett asserts that his exhaustion was demonstrated by the Step 2 grievance and prison response that were attached to his complaint. Emmett moves to supplement the record with his Step 1 grievance in order to show that his Step 2 grievance was timely filed.

Emmett does not brief any argument challenging the propriety of the district court's reliance on his Step 2 grievance in concluding that he failed to exhaust his administrative remedies and has thus abandoned any such challenge. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Emmett's Step 2 grievance contested only whether his disciplinary charge was correctly decided on the merits and whether he was given sufficient notice of his disciplinary proceedings. Entirely absent from the grievance was any mention that his disciplinary case was the product of retaliation or any complaint concerning his phone restriction or its infringement on his constitutional rights.

Emmett contends that no administrative remedies were available to him because his complaint sought $6,200,000 in damages, an amount that exceeded the $750 cap on damages that could be awarded through the grievance procedure. He also contends that the prison grievance procedure could not remedy the violation of his right of access to the courts because the harm resulting from his inability to speak to his lawyer, due to the phone restriction, had already occurred by the time of his grievance.

No. 10-20772

A prisoner is required to exhaust administrative remedies regardless of the relief offered through administrative procedures. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). A grievance is sufficient to exhaust administrative remedies "to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The grievance need not allege full-fledged legal theories but must alert prison officials to the problem and provide them an opportunity to address it. *Id.* at 518. Because Emmett's Step 2 grievance showed that he did not alert prison officials to the claims in his complaint, the district court did not err in dismissing the complaint for failure to state a claim upon which relief may be granted, predicated on the failure to exhaust administrative remedies. *See Booth*, 532 U.S. at 741 & n.6; *Carbe*, 492 F.3d at 328; *Johnson*, 385 F.3d at 517-18.

"An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988); Emmett's appeal is frivolous and is dismissed, and his motion to supplement the record on appeal is denied. *See id.*; 5TH CIR. R. 42.2. The district court's dismissal of Emmett's complaint and our dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Emmett has accumulated at least one additional strike, based on the district court's dismissal of his complaint in *Emmett v. Hawthorn*, No. 4:10-CV-4034, 2010 WL 4394264, at *4 (S.D. Tex. Oct. 29, 2010), as malicious and for failure to state a claim upon which relief may be granted. *See Adepegba*, 103 F.3d at 387.

Because Emmett has accumulated at least three strikes for purposes of § 1915(g), he may no longer proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Additionally, in light of Emmett's history of filing frivolous pleadings, we warn Emmett that

frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Emmett is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; MOTION DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.