# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

No. 10-31047
Summary Calendar

Lyle W. Cayce
Clerk

RAYMOND SIMMONS,

Plaintiff-Appellant,

versus

TWIN CITY TOWING; CITY OF SHREVEPORT, Code Enforcement,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:00-CV-2595

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymond Simmons appeals, *pro se*, the denial of various motions. We dismiss the appeal as frivolous.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-31047

I.

Sometime in the 1990's, Simmons's automobile was towed by the City of Shreveport pursuant to a local ordinance governing inoperable vehicles.[1]  In 1999, Simmons sued the city, alleging that the ordinance violated his constitutional rights.  His complaint was dismissed as frivolous.  He appealed to this court, but the appeal was dismissed as untimely.

A few months thereafter, Simmons filed an almost-identical complaint against the city, which was dismissed as barred by *res judicata*.  Simmons again appealed to this court, but the appeal was dismissed because he failed to file a brief and record excerpts within the permitted time.

While his second appeal was pending, Simmons filed yet another complaint alleging substantially the same facts.  This time, however, in addition to suing the city, he sued Twin City Towing, which had towed his car at the behest of the city.  With respect to the city, Simmons's third complaint was again dismissed as barred by *res judicata*.  His complaint against Twin City Towing was dismissed as time-barred. We dismissed his appeal as frivolous, and his petition for en banc rehearing was denied.  Simmons then filed a certiorari petition, which was denied, and an unsuccessful motion for rehearing of that denial, in September 2003.

In 2004, Simmons asked this court for permission to file a second petition for rehearing, which was denied.  In July 2007, he filed a "Motion To Examine the Court Records of Harmless Error For Review."  We sent a letter to him explaining that the case was closed and no action would be taken on his motion.

---

[1] Supposedly, Simmons was living in the vehicle because his house had been damaged in a fire.  The vehicle was inoperable, but Simmons claims that he was restoring it so that he could travel and attend law school.

2

No. 10-31047

Less than six months later, Simmons filed a "Motion To Examine and Discover," for which we again sent a letter explaining that his case was closed and no action would be taken on his motion.

Years passed. Then, in September 2010, Simmons reappeared in the district court, filing a motion seeking review of the original judgment and monetary damages for the alleged taking of his property, which the court deemed to be an inartfully phrased motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). That motion was denied because Simmons had failed to satisfy any of the grounds, and because of corresponding time limitations, specified in Rule 60(b).

Less than a month later, Simmons filed a "Motion For Conformation [*sic*] Of The Default Judgment With Respect, Their [*sic*] Was Fraud Of The Court." That motion was denied, with the district court stating that it was essentially the same as the motion filed two weeks before and that the reasons for denying that motion applied with equal force. The court also stated that, because Simmons's case has been closed since 2002, the court did not have jurisdiction to review any motions related to the case.

A month after his motion for "conformation" was denied, Simmons filed a "Motion For Error Of Coram Nobis"[2] and a "Motion To Object The Order Of Denial By Chief Judge Robert James On The Conformation [*sic*] Of The Default Judgment." The motions were denied on the ground that the case has been closed since 2002.

---

[2] We note that the traditional writ of *coram nobis*, issued by a court to correct an error of a fundamental character in order to achieve justice where no other remedy is available, has been abolished in civil cases by Federal Rule of Civil Procedure 60(e).

No. 10-31047

## II.

On appeal, Simmons raises a hodgepodge of indecipherable constitutional and statutory claims,[3] all of which are irrelevant to any of the motions that he could be appealing (Simmons does not explicitly state which of the many denied motions he is appealing, so we assume he is attempting to appeal all of them).

Even if we liberally construe Simmons's *pro se* brief, there are no coherent arguments that even attempt to explain why the district court erred in denying his motion for relief from a final judgment or his motion to "conform" the default judgment.  Nor can we imagine any arguments that would succeed, given the facts of this case.

Rule 60(b) allows for relief from a final judgment on six grounds.  Simmons cannot avail himself of the first three, because a motion for relief under those grounds must be filed within a year after entry of judgment.  Two of the remaining grounds—(1) that the judgment is void and (2) that the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable—are plainly not applicable.

The final ground for relief in Rule 60(b) is "any other reason that justifies

---

[3] Specifically, Simmons argues that the district court (1) denied his "personal property rights according to the property rights that are adjudicated through the United States Constitution," (2) erroneously dismissed "a personal property rights case under 28 section 1915(e), whereas the statement of poverty is true, the appeal is not frivolous or malicious, it is a specific constitutional rights of [his], [he] did not fail to state a claim for relief that [he] sought, and the defendants or [sic] not a [sic] infant nor or [sic] incompetent, or immune [sic] form such relief"; (3) erred in depriving a pro se litigant from "conforming [sic] the default" against defendants that failed to respond to his claim; (4) erred by "contradicting Constitution Article I section 4, right to property, with respect to Title 28 section 1652 of the Federal Civil Judicial Procedure and Rules, in Civil" (Simmons does not continue his description of this claim of error beyond the word "Civil"); and (5) "erred with respect to Rule 55 (a) (c) by the clerk, according to the Federal Civil Judicial Procedure and Rules."

No. 10-31047

relief," but that provision is also inapplicable. FED. R. CIV. P. 60(b)(6). As an initial matter, a motion for relief under that provision must be made "within a reasonable time." FED. R. CIV. P. 60(c)(1). In the absence of any known exceptional circumstances, nine years after the entry of judgment cannot be considered "within a reasonable time" under any understanding of that phrase. Furthermore, even if Simmons had filed his motion within an acceptable time, relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances," which are plainly not present here. *See Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). Thus, Simmons's motion for relief from judgment was properly denied.

As for his motion to confirm the default judgment, Simmons does not appear to understand what happened in his case. Although a "Notice of Entry of Default" was filed by the clerk's office because the city did not respond to his first complaint, that is not the end of the default judgment process. Under the federal rules, after the entry of default, the plaintiff must request that a default judgment be entered. *See* FED. R. CIV. P. 55(b). Simmons failed to request a default judgment. The district court later entered a judgment and dismissed with prejudice Simmons's claim as frivolous—an entry of default can be set aside "for good cause." *See* FED. R. CIV. P. 55(c). Simmons appealed the dismissal, but it was affirmed. He filed a certiorari petition, but it was denied, and the dismissal became final. The default judgment Simmons seeks to confirm never existed— and the entry of default from which it would flow was long ago vacated.

In sum, Simmons has not raised any coherent legal arguments in his briefs that are worth addressing, because none of them raises any errors with the motions that Simmons is appealing. Nor can we imagine any legal arguments he could have levied against the district court's various orders, which were all prop-

5

No. 10-31047

er.  We conclude with a phrase that Simmons must be all-too-familiar with, and we hope that he now comprehends their import and alters his future conduct: The appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2.  We warn Simmons that any further frivolous filings in any court can result in sanctions, including the payment of money damages.  *See, e.g.*, FED. R. APP. P. 38; *Coghlan v. Starkey*, 852 F.2d 806 (5th Cir. 1988) (per curiam) (*sua sponte* imposition of sanctions on *pro se* appellant); *Emmett v. Ebner*, 2011 U.S. App. LEXIS 8862, at *4 (5th Cir. Apr. 29, 2011) (per curiam) (unpublished) (citing *Coghlan*).

AFFIRMED.