**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 7, 2012

Lyle W. Cayce
Clerk

No. 11-20263
Summary Calendar

BARRY EMMETT,

Plaintiff-Appellant

v.

SERGEANT HAWTHORN; SERGEANT HOLLAND; SERGEANT DUDLEY,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4034

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Barry Emmett, Texas prisoner # 1383329, requests authorization to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint in part as malicious and in part for failure to state a claim upon which relief may be granted. Among other claims, Emmett alleged that Sergeant Dudley refused to transfer him to another cell after his cell became uninhabitable following a fire and that Dudley ordered a frivolous disciplinary action to be written against him. According to Emmett, Dudley's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

actions were in retaliation for his filing of grievances, amounted to cruel and unusual punishment, and violated his substantive due process and equal protection rights.  The district court denied Emmett's request for leave to proceed IFP on appeal on the ground that his appeal was not taken in good faith.

A movant for leave to proceed IFP on appeal must show that he is economically eligible and that the appeal is taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  We construe Emmett's instant IFP motion as a challenge to that district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Rather, our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Id.* (quotation marks and citation omitted).  If we uphold the district court's certification that the appeal is not taken in good faith, we may dismiss the appeal sua sponte as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Emmett's arguments concern only his claims against Dudley. He has thus waived any challenge to the district court's dismissal of the other claims in his complaint.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).  The district court dismissed Emmett's claims against Dudley as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  Its dismissal on that basis is reviewed for abuse of discretion.  *See Ruiz*, 160 F.3d at 275.

An action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation.  *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).  An action is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit."

*Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Emmett asserts that he has not filed any other action against Dudley apart from the instant case.

At the time of the district court's dismissal, Emmett had identical allegations against Dudley pending in two other cases: *Emmett v. English*, No. 4:10-CV-3460 (S.D. Tex.), and *Emmett v. English*, No. 4:10-CV-4011 (S.D. Tex.).  Thus, the district court did not abuse its discretion in concluding that Emmett's claims against Dudley were malicious.  *See Pittman*, 980 F.2d at 995 ("When declaring that a successive [IFP] suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more.").  Emmett has not shown that the district court was incorrect in certifying that his appeal was taken in bad faith, and his IFP motion is denied.  *See Baugh*, 117 F.3d at 202.  The instant appeal is without arguable merit and is dismissed as frivolous.  *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

As we recognized on April 29, 2011, Emmett has accumulated at least three strikes for purposes of § 1915(g) and may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See Emmett v. Ebner*, 423 F. App'x 492, 494 (5th Cir. 2011); *see also Emmett v. Office of the Clerk of Court*, No. 7:10-CV-156 (N.D. Tex. Nov. 1, 2010) (resulting in strike based on dismissal of complaint as frivolous pursuant to § 1915(e)(2)(B)(i)).  The § 1915(g) bar has not been applied here because the instant appeal was filed before imposition of the bar.  *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).  However, we reiterate our prior warning to Emmett that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Emmett is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

No. 11-20263

APPEAL DISMISSED; MOTION FOR LEAVE TO PROCEED IFP DENIED; SANCTION WARNING ISSUED.