# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2021

Lyle W. Cayce
Clerk

No. 20-60349

Kendall K. Magee,

*Plaintiff—Appellant*,

*versus*

Gloria Perry, Chief Medical Compliance Officer,
Mississippi Department of Corrections (MDOC),
Individually and in her Official Capacity; Nurse Lissa
Collins, Medical Administrator/Practitioner, Central
Mississippi Correctional Facility, CMCF, Individually
and in her Official Capacity; Nurse Nina Waltzer,
CMCF, Individually and in her Official Capacity;
Christina Charczenko, CMCF, Individually and in her
Official Capacity,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CV-245

---

Before Stewart, Ho, and Engelhardt, *Circuit Judges*.

No. 20-60349

Per Curiam:*

Kendall K. Magee, Mississippi prisoner # 180061, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint against Gloria Perry, Chief Medical Compliance Officer for the Mississippi Department of Corrections ("MDOC"); Nurse Lissa Collins, a medical administrator for Central Mississippi Correctional Facility ("CMCF"); Nurse Nina Waltzer of CMCF; and Nurse Christina Charczenko, also of CMCF; alleging that the defendants violated his constitutional rights by failing to timely make a specialist appointment for a bone fracture in his hand, resulting in serious and permanent damage. We AFFIRM.

## I. Facts & Procedural History

Magee filed pro se a 42 U.S.C. § 1983 complaint alleging that the defendants were deliberately indifferent to his serious medical needs. Magee stated that he injured his hand on November 30, 2018, and reported to the prison clinic where staff x-rayed his hand and determined that Magee needed to be transported to the emergency room of a local medical center. According to Magee, staff did not transport him to the emergency room until the following day despite the injury and Magee's high level of pain. Magee alleges that emergency room staff advised him that he had a "boxer fracture," applied a temporary half cast, and made an emergency appointment with a bone specialist for December 3, 2018, to set the hand and evaluate Magee's complaints of pain.

Magee states that staff failed to transport him to the bone specialist on December 3, and that Magee then began a series of calls to medical staff because of his "intense" and worsening pain and repeatedly requested that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

they take him to the bone specialist immediately. According to Magee, staff provided a "limited prescription of pain medications" only once over the course of four sick calls. Although staff acknowledged that the original December 3 appointment had been "messed up" in some way, staff nonetheless scheduled no appointment by January 31, 2019, at which point Magee filed a Request for Administrative Remedy. Six days later, on February 6, 2019, prison staff brought Magee to a specialist at the local medical center. According to Magee, the physician questioned why Magee had not been brought in for his December 3 appointment and advised Magee that the medical team might need to re-break the hand to set it properly. Magee stated that he began a series of appointments with physical therapists and others to treat the injury.

On May 8, 2019, months after Magee's appointment with the specialist and after Magee filed his April 9, 2019 federal complaint, the prison medical director responded to Magee's January 31 grievance, stating that Magee had been "seen by an off-site specialist" and was "receiving rehabilitative services." Magee sought no further review of his grievance. Magee averred that, after his series of rehabilitative services, the bone specialist determined that surgery was required for the hand and thereafter performed surgery. As a result of the delay in treatment of the broken bone, Magee stated that he experienced pain, suffering, and physical disfigurement continuing through the time he filed his complaint.

The three CMCF defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which Perry joined. The defendants argued that Magee failed to exhaust his administrative remedies before filing suit. The parties agreed to proceed before a magistrate judge, who held an omnibus hearing. Thereafter, the magistrate judge granted the motion to dismiss for failure to exhaust administrative remedies, finding both

that Magee untimely filed his administrative complaint and that he failed to complete the grievance process. Magee timely appealed.

## II. Discussion

We review de novo the district court's dismissal of Magee's complaint. *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

Under the Prison Litigation Reform Act (PLRA), prisoners are required to exhaust "such administrative remedies as are available" before bringing an action regarding prison conditions under § 1983. 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To properly exhaust his or her claims, a prisoner must pursue all of the available avenues of relief and must comply with all administrative deadlines and procedural rules. *Woodford*, 548 U.S. at 90–91; *see Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016). The sole exception to the exhaustion requirement is that "the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citation omitted).

Under MDOC's two-step Administrative Remedy Process ("ARP"), inmates must first submit a letter requesting an administrative remedy within 30 days of the event that is the subject of the grievance. If a response is not made within forty days from the date that the first-step request is received, the inmate may move to the second step in the process.

Here, the district court concluded that Magee did not exhaust his administrative remedies because his first-step grievance was untimely. Magee's missed appointment was on December 3, 2018, but he did not file an ARP grievance until January 31, 2019. Magee contends that his ARP request was not untimely because the failure to take him to see a bone specialist was a "continuing wrong" and not an incident that can be isolated to a single day. However, we need not consider this argument because even

No. 20-60349

if Magee's grievance was timely, he failed to provide prison officials with proper notice of the subject of his federal complaint.

While Magee successfully grieved his specific issue regarding the prison's failure to take him to his scheduled medical appointment, the subject of the federal suit before us involves a different problem. This court has explained that the "primary purpose of a grievance is to alert prison officials to a problem." *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Moreover, the grievance must alert the officials in a manner sufficiently specific to allow the officials to address or remedy the discrete problem of which the prisoner complains. *Id.*

From December 4, 2018, to January 31, 2019, Magee was aggrieved by the prison staff's failure to schedule and transport him to a specialist for his hand injury. At his appointment with the specialist on February 6, 2019, however, Magee discovered a problem separate from the one he grieved. As Magee explained at the hearing on his complaint, "I became aware that . . . the delay in treating my injury had actually caused my injury to become serious and[,] . . . it will need extensive medical care." Magee's original grievance said nothing about serious or potentially permanent damage caused by the lack of treatment and, more importantly, nothing about a remedy other than the specialist appointment. If Magee himself was unaware of the permanent damage caused to his hand by the delay in receiving treatment until the specialist appointment, we cannot expect that prison officials would have been aware, either. In an analogous situation, this court has concluded that a claim was unexhausted where an inmate grieved the merits and process of a disciplinary proceeding without any mention that the disciplinary case was a product of retaliation or that the restrictions resulting from the disciplinary charge were constitutionally infirm, as the inmate alleged in his federal complaint. *See Emmett v. Ebner*, 423 F. App'x 492, 493–94 (5th Cir. 2011).

No. 20-60349

In light of these facts, the district court did not err in concluding that Magee could not rely on his original first-step grievance to show complete exhaustion of the issue of the orthopedic damage to his hand caused by prison officials' delay in obtaining treatment. If there was no administrative remedy available for the lasting damage caused by the delay following resolution of the first-step grievance, as Magee avers, then that absence is because the original grievance, whether timely filed or not, did not present to prison officials the problem of the continuing and lasting damage to Magee's hand from the delayed treatment. Magee filed no timely grievance as to the injury he alleged in his federal complaint which he claims he discovered during and after his February 6, 2019, meeting with the specialist. Therefore, he failed to exhaust his administrative remedies.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.