# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 23, 2011

No. 11-10560
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT WALTER BONNER,

Plaintiff-Appellant

v.

WILLIAM BOSWORTH, District Judge; MARTIN STRAYHAN, Assistant District Attorney; TOBY ROSS, Director, Johnson County Community Supervision and Corrections; LARRY SPARKS, Officer, Burleson Police Department; DON ADAMS, Officer, Burleson Police Department; ADAM KING, Officer, Burleson Police Department; JAY STUBBS, Officer, Burleson Police Department; BOB ALFORD, Sheriff, Johnson County,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2150

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Walter Bonner, Texas prisoner # 0327593, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his civil suit, which raised claims under 42 U.S.C. § 1983 and the Racketeer Influenced and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corrupt Organizations Act (RICO).  By moving for leave to proceed IFP, Bonner is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Bonner first argues that the district court erred in dismissing his § 1983 claims regarding a search and seizure and the imposition of conditions of pretrial release as frivolous because they were filed beyond the applicable statute of limitations.  The district court found, and the record shows, that Bonner knew the factual basis underlying these claims more than two years before filing this action.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  Accordingly, the district court did not abuse its discretion in dismissing these claims as untimely.  *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

Next, Bonner contends that the district court erred in dismissing his RICO claims for failure to state a claim for which relief could be granted.  The district court, in dismissing these claims, determined that the conduct alleged (ordering and collecting fees as conditions of pretrial release) did not qualify as either extortion under 18 U.S.C. § 1951(b)(2) or any other "racketeering activity" as defined by RICO.  We find no error in the district court's determination that the defendants' conduct did not rise to the level of extortion.  *See United States v. Snyder*, 930 F.2d 1090, 1093 (5th Cir. 1991); *see also Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Bonner has not demonstrated that he will raise a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, Bonner's motion to proceed IFP is denied.  *See Baugh*, 117 F.3d at 202 n.24.  Because his appeal is frivolous, *see Howard*, 707 F.2d at 219-20, the appeal is dismissed.  *See* 5TH CIR. R. 42.2.

The district court's dismissal of Bonner's complaint as frivolous and for failure to state a claim and this court's dismissal of his appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Bonner is warned that if he accumulates three

No. 11-10560

strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.