# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 4, 2013

Lyle W. Cayce
Clerk

No. 12-11140
Summary Calendar

ROBERT WALTER BONNER,

Plaintiff-Appellant

v.

DON ADAMS, Police Officer; ADAM KING, Police Officer; LARRY SPARKS, Police Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4019

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Walter Bonner, Texas prisoner # 1561662, seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint against Burleson Police Department officers, Don Adams, Larry Sparks, and Adam King. In his complaint, he alleged that the officers conducted an illegal search and seizure on May 8, 2007, and improperly confiscated his property. The district court dismissed the complaint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 28 U.S.C. § 1915A(b)(1) as malicious because it duplicates the complaint in *Bonner v. Bosworth*, No. 3:10-CV-2150 (N.D. Tex. May 3, 2011).

An action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). The fact that Bonner was not proceeding in forma pauperis in the district court did not preclude the district court from dismissing his complaint as duplicative. *See Pittman*, 980 F.2d at 995. Bonner has not shown that the district court erred in dismissing his complaint as duplicative because both the instant complaint and Bonner's prior complaint involved "the same series of events" and contained allegations of "many of the same facts." *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

To the extent that Bonner argues that his complaint should not be considered duplicative and that he should be allowed to proceed given that he has shown that his state remedies were inadequate and that the "jurisdictional bar" relied upon by the district court in dismissing his claims in *Bonner*, No. 3:10-CV-2150, has been "resolved," this argument is without merit. Even if it is assumed that the inadequacy of state court remedies can serve as a gateway for refiling a previously unsuccessful federal action seeking redress for the intentional deprivation of property by a state actor, Bonner has failed to show that his state remedies were in fact inadequate. *See Holloway v. Walker*, 784 F.2d 1287, 1293 (5th Cir. 1986). The judgment of the district court is affirmed.

The district court's dismissal of Bonner's § 1983 complaint counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bonner has two other strikes. *See Bonner*, No. 3:10-CV-2150; *Bonner v. Bosworth*, No. 11-10560 (5th Cir. Nov. 23, 2011). Because Bonner has accumulated at least three strikes, he may not proceed in forma pauperis in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious

physical injury.  *See* § 1915(g).  He is also warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.  Bonner should review all pending matters to ensure that they are not frivolous or repetitive and move to dismiss any that are frivolous or repetitive.

AFFIRMED; § 1915(g) BAR IMPOSED.