United States Court of Appeals,

Fifth Circuit.

No. 92-2688

Summary Calendar.

Wesley Lynn PITTMAN, Plaintiff-Appellant,

v.

K. MOORE, et al., Defendants-Appellees.

Jan. 8, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, JONES, and EMILIO M. GARZA, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Pittman filed a pro se in forma pauperis § 1983 complaint against TDC-IJ prison officials alleging four general claims: retaliatory punishment for his filing a lawsuit; the conduct of an improper strip search and sexual harassment; unnecessary use of excessive force; and denial of access to the courts. The district court, upon conducting a *Spears* hearing[1], ascertained from Pittman that his claims were the same as those currently pending before another district court in the Southern District of Texas. On this basis, the district court concluded that the instant case was "malicious" because it constituted repetitive litigation, and the court dismissed Pittman's complaint pursuant to 28 U.S.C. § 1915(d). We affirm.

In *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989), this court held that in forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. 878 F.2d at 850. *Wilson* did not discuss dismissal of pauper complaints that are duplicative of still-pending lawsuits filed by the same plaintiff, but it essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata.* Under § 1915(d), a pauper's complaint may be dismissed

---

[1]*Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985).

if the district court is "satisfied that the action is frivolous or malicious." The court here held that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. We agree.

In forma pauperis plaintiffs have no preferred status as litigants in respect to the procedures with which they must comply. A district court would be fully justified in dismissing a non-pauper complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff. The court might alternatively consolidate the two actions, but it need not do so. Either of these steps may be taken with regard to IFP lawsuits. Ordinarily, as occurred here, the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier. When declaring that a successive in forma pauperis suit is "malicious" the court should insure that the plaintiff obtains one bite at the litigation apple—but not more.

Because of the basis of the dismissal, it should have been without prejudice to Pittman's prosecution of the duplicative pending suit (including any assertions therein of any of the claims in the instant suit)—the duplicative pending suit being Civil Action No. G-88-169, *Pittman v. Lynaugh,* Southern District of Texas—and we modify the judgment accordingly.

For these reasons, the judgment is hereby MODIFIED so that the dismissal is without prejudice as aforesaid to appellant's prosecution of said cause No. G-88-169, and is otherwise with prejudice, and the judgment as so modified is AFFIRMED.

MODIFIED, and AFFIRMED as MODIFIED.