IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10778
Conference Calendar
_____

JOHN THOMAS BAGLEY,

                                        Plaintiff-Appellant,

versus

JOHN C. VANCE, Dallas County Criminal District Attorney;
KATHERINE ROBINSON, Assistant Criminal Attorney; MARC MOFFITT,
Assistant Criminal Attorney; PATRICIA POPPOFF NOBLE, Assistant
Criminal Attorney; DONALD ROSS, Judge, Criminal District Court
No. 3; MARK TOLLE, Judge, Criminal District Court No. 3; ROBERT
FRANCIS, Judge, Criminal District Court No. 3; JOE KENDALL,
Federal Judge; JORGE A. SOLIS, Federal Judge; WILLIAM SANDERSON,
JR., Magistrate Judge; TED SHINN, Sergeant, Badge #4839; TINA
WEATHERFORD, Badge #5715; ROBERT HUTTOSH, Criminal Prosecutor;
DAN MORALES, State Attorney General; JOHN CORNYN, III; GARY L.
JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; GEORGE W. BUSH, Governor of State of
Texas; JOHN DOE, Mr, 1-15; JANE DOE, 16-30; CITY OF DALLAS;
COUNTY OF DALLAS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-128-T
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

John Thomas Bagley, Texas prisoner No. 652853, appeals the district court's dismissal of his paid civil rights complaint pursuant to 28 U.S.C. § 1915A (b)(1).  Bagley argues that, at his trial on unspecified state charges, prosecutor Katherine Robinson and trial judge Donald Ross engaged in a racially-motivated conspiracy to convict Bagley and that Assistant District Attorney Patricia Poppoff Noble furthered the conspiracy by arguing that Bagley's conviction should be affirmed on direct appeal. Bagley's appellate brief does not mention any other specific wrongdoing by an individual defendant, but he argues in conclusional terms that all of the individual defendants conspired to violate Bagley's rights to due process and equal protection because of his race.

Bagley's unsubstantiated allegations of a race-based conspiracy among the defendants fail to give rise to a 42 U.S.C. § 1983 claim.  Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994). Bagley does not dispute the district court's determination that his claims against Judge Ross are malicious because they duplicate claims raised in a prior lawsuit.  Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993).  Defendants Robinson and Noble are entitled to absolute prosecutorial immunity for their respective actions in prosecuting Bagley at trial and in arguing the state's case on direct appeal.  Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993).  Bagley has abandoned the other claims that he raised in the district court by failing to brief them.

<u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).
Accordingly, we find no error in the district court's dismissal of the complaint.

AFFIRMED.