IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60233
Conference Calendar

_____

VERONICA MCCALLUP,

Plaintiff-Appellant,

versus

RONALD MUSGROVE, Governor; EDDIE CATES; GWENDOLYN MCCLINDEN; LULA
WOLFE; PEGGY MCENTEE; DANNY TRIGG; DELORES KINGDOM; LAWRENCE
KELLY; ROBERT JOHNSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-9-WS
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Veronica McCallup, Mississippi prisoner # K1256, appeals the
dismissal of her in forma pauperis complaint as malicious.
McCallup argues (1) that the district court erred in not giving
her an opportunity to develop her claims through amendment, and
(2) that she was entitled to an evidentiary hearing.

A complaint filed in forma pauperis is malicious if it
duplicates the allegations of another complaint filed by the same
plaintiff. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1993); <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 850 (5th Cir. 1989). A malicious complaint shall be dismissed. <u>See</u> 28 U.S.C. § 1915(e)(2).

McCallup has failed to brief adequately any argument that her complaint was not malicious under the standards of <u>Pittman</u> and <u>Wilson</u>. Thus, the argument is deemed abandoned. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993). Nor has McCallup shown that amendment of her complaint, or the provision of an evidentiary hearing, would have cured the defect identified by the district court. McCallup has failed to show that the district court abused its discretion in dismissing her complaint. <u>See</u> <u>Pittman</u>, 980 F.2d at 994.

McCallup's appeal is without arguable merit, is frivolous, and is therefore DISMISSED. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of McCallup's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal. <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996). Considering the two strikes we assessed today in <u>McCallup v. Mississippi Department of Corrections</u>, No. 02-60243, McCallup has now accumulated at least three strikes under the statute. Accordingly, she may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is in imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.