IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60243
Conference Calendar
_____


VERONICA MCCALLUP,

                                        Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-80-WS
--------------------
August 20, 2002


Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Veronica McCallup, Mississippi prisoner # K1256, challenges

the district court's 28 U.S.C. § 1915(e)(2)(b)(i) dismissal of

her 42 U.S.C. § 1983 complaint seeking injunctive relief and

compensatory and punitive damages.  The complaint alleges that

McCallup is classified as "black" in prison documents and as an

"offender" in prison mail, and seeks injunctive relief to end

such designations.  A complaint filed in forma pauperis may be

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissed as frivolous if it lacks an arguable basis in law or fact. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). McCallup cites no authority establishing that her allegations rise to the level of a constitutional violation, and has failed to show that the district court erred in dismissing her claim for injunctive relief as frivolous.

The district court also determined that McCallup's complaint was malicious because it duplicated the allegations of other pending federal lawsuits. A complaint filed in forma paueris is malicious if it duplicates the allegations of another complaint filed by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989). Because McCallup has failed to brief adequately any argument that her complaint was not malicious under the standards of Pittman and Wilson, the argument is deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). McCallup has failed to show that the district court's dismissal was error.

We cannot agree with McCallup that the district court erred in dismissing her complaint without providing an opportunity to amend. A court does not err in dismissing a case without

providing an opportunity to amend when no viable claim is perceptible from the underlying facts asserted in the plaintiff's pleadings.  See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999).  Nor do we consider the claims newly-raised by McCallup in her appellate brief.  See Burch v. Coca-Cola, 119 F.3d 305, 319 (5th Cir. 1997)("This Court will not consider on appeal a claim not submitted to the district court.").

McCallup's appeal is without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of McCallup's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g), as does this court's dismissal of the instant appeal.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Considering the two strikes we assessed today in McCallup v. Musgrove, No. 02-60233, McCallup has now accumulated at least three strikes under the statute.  Accordingly, she may not proceed in forma pauperis in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.