United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21229
Summary Calendar
_____

HARVEY WENDT

Plaintiff - Appellant

v.

JOHN D RAINEY, Judge, PATRICK E HIGGINBOTHAM, Judge, JERRY E
SMITH, Judge, GARY WAKEFIELD, Warden, EDITH B CLEMENT, Judge

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-2113
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:[*]

Harvey Wendt, Texas prisoner # 537128, appeals the district

court's dismissal of his 42 U.S.C. § 1983 action as malicious

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). He argues that the

district court erred in raising res judicata sua sponte and that

the district court erred in dismissing his claims against Warden

Wakefield. A review of the allegations made by Wendt against

Wakefield in his previous lawsuit shows that they are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sufficiently similar to the allegations made against Wakefield in this case.  Therefore, the district court did not abuse its discretion in dismissing Wendt's claims against Wakefield as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993).

Wendt argues that Judge John D. Rainey, and Circuit Judges Patrick E. Higginbotham, Jerry E. Smith, and Edith B. Clement conspired to deprive him of his right to a full and fair hearing of his claims against Wakefield in his previous appeal of the dismissal of his first 42 U.S.C. § 1983 action.  Although the judges are not entitled to absolute immunity from suit for injunctive relief or declaratory relief under § 1983, see Chrissy F. by Medley v. Miss. Dep't of Publ Welfare, 925 F.2d 844, 849 (5th Cir. 1991), the district court did not abuse its discretion in dismissing this claim as it is without arguable merit and, therefore, frivolous.  See Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

Wendt's appeal is without arguable merit and, therefore, it is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  Wendt received a strike under 28 U.S.C. § 1915(g) in Wendt v. Wakefield, No. H:01-CV-1983 (S.D. Tex. Aug. 5, 2002), and in Wendt v. Wakefield, No. 02-20998 (5th Cir. Jan. 23, 2003).  The district court's dismissal of Wendt's complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and this court's dismissal of this appeal as frivolous both count

as strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Wendt has now accumulated at least three strikes under 28 U.S.C. § 1915(g), and he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(G) BAR IMPOSED.