IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-20046
Summary Calendar

FLOYD P TARVIN, IV

Plaintiff-Appellant

v.

TEXAS BOARD OF CRIMINAL JUSTICE; BRAD LIVINGSTON; DOUGLAS
DRETKE; RICK THALER; NATHANIEL QUARTERMAN; ROBERT TREON;
THOMAS J PRASIFKA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2701

Before HIGGINBOTHAM, DAVIS, and GARZA, Circuit Judges

PER CURIAM:[*]

Floyd P. Tarvin, IV, Texas prisoner # 1123659, appeals the district court's
dismissal of his 42 U.S.C. § 1983 action as malicious and frivolous. Prior to
filing the present action, Tarvin attempted to intervene in an almost identical
action filed by a fellow inmate named Alan Wade Johnson, and the district court
denied his request. The district court dismissed Johnson's action for failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

state a claim upon which relief may be granted and as frivolous. It subsequently dismissed Tarvin's action as malicious because it raised the same claims as Johnson's action and as frivolous because it was barred by res judicata due to the dismissal of Johnson's action.

Tarvin argues that the district court's determinations that his action was barred by res judicata and was malicious were erroneous. He additionally argues the merits of his claims. He has also filed numerous motions in this court.

Tarvin was not a party to Johnson's action, and the only relationship between Tarvin and Johnson apparent from the record was that they were inmates in the same prison. Therefore, Tarvin and Johnson were not in privity, and the district court's determination that Tarvin's action was barred by res judicata was erroneous. See Meza v. General Battery Corp., 908 F.2d 1262, 1266-67, 1272-73 (5th Cir. 1990).

An action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993). In the present case, however, Tarvin duplicated claims raised by Johnson, not claims that Tarvin had raised in a prior action. Additionally, in denying Tarvin's motion to intervene in Johnson's action, the district court explicitly stated that the denial was without prejudice to Tarvin filing his own action. Accordingly, the district court abused its discretion by determining that the present action was malicious. See id.

Although the reasons given by the district court for the dismissal of Tarvin's action were erroneous, we may affirm on alternative grounds that are apparent from the record. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). Johnson's action was dismissed by the district court for failure to state a claim upon which relief may be granted and as frivolous. In Johnson v. Tex. Bd. of Criminal Justice, No. 07-20036, we have affirmed the district court's ruling in that case. Tarvin raised the same claims as Johnson below and has

made essentially the same arguments in support of the merits of his claims in this court as Johnson did in his appeal. For the reasons set forth in our opinion in that case, we affirm the judgment of the district court on the ground that Tarvin's complaint did not set forth any viable claims. See id. The motions Tarvin has filed in this court are without merit and are denied.

The district court's dismissal of Tarvin's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998). Tarvin has previously accumulated two strikes. See Tarvin v. Livingston, No. H-06-2456 (S.D. Tex. Oct. 16, 2006) (unpublished); Tarvin v. Bennett, No. H-05-1858 (S.D. Tex. June 21, 2005) (unpublished). As Tarvin has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED; ALL PENDING MOTIONS DENIED.