# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 18, 2011

No. 11-50126
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY W ROBERSON,

Plaintiff-Appellant

v.

ROBERT BREEN, Police Officer, San Antonio, Texas; RONALD D. EARLE,
District Attorney, Travis County, Austin, Texas; BUDDY MEYER, Assistant
District Attorney, Travis County, Austin, Texas; MARGO FRAISER, Sheriff of
Travis County, Austin, Texas; STAN HIBBS, Deputy Sheriff of Travis County,
Austin, Texas; BILL SCALLIONS, Deputy Sheriff of Travis County, Austin,
Texas; STANLEY L. KNEE, Chief of Police, Austin, Texas; ROBERT TRAVIS,
Police Officers, Austin, Texas; JOHN DOES, Unknown,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-979

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Anthony W. Roberson, Texas prisoner # 838289, moves this court for leave
to proceed in forma pauperis (IFP) on appeal following the dismissal of his
42 U.S.C. § 1983 complaint as malicious, frivolous, and for failure to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim under 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1). Roberson's motion is construed as a challenge to the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Roberson argues that the district court abused its discretion by dismissing the case against him under the doctrine of res judicata. The district court did not find that the complaint was frivolous based on res judicata, but rather, that the complaint was "duplicative" and, therefore, malicious. An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Roberson has not shown that the district court erred in dismissing his complaint as duplicative and malicious. *See Pittman*, 980 F.2d at 994-95. Accordingly, we do not reach Roberson's arguments concerning the district court's alternative grounds for dismissal of the complaint.

Roberson's motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh,* 117 F.3d at 202 n.24. Roberson's motion for the appointment of counsel also is denied. Roberson has accumulated three strikes for purposes of 28 U.S.C. § 1915(g). Accordingly, he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.