# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2012

No. 12-20103
Summary Calendar

Lyle W. Cayce
Clerk

L.F., by next friend Mary Ruffin; MARY RUFFIN,

Plaintiffs-Appellants

v.

HOUSTON INDEPENDENT SCHOOL DISTRICT;
LARRY CRADDOCK; HANS GRAFF,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-MC-34

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mary Ruffin, personally and on behalf of L.F. (Collectively, "Plaintiffs"), filed an Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et. seq*., complaint and an application to proceed in forma pauperis (IFP). The district court screened the complaint pursuant to 28 U.S.C. § 1915 and determined that it was duplicative of complaints that Ruffin had previously filed. The court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Plaintiffs' motion to proceed IFP in the district court but granted leave to proceed IFP on appeal.

The district court's order denying leave to proceed IFP is a final, appealable order. *See Baugh v. Taylor*, 117 F.3d 197, 201 (5th Cir. 1997). An action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). A dismissal as malicious pursuant to § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. *See Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir. 1998).

The district court determined that the instant litigation was duplicative of Southern District of Texas No. 4:06-cv-01306, referred to by the district court as "H-06-cv-1306," and Southern District of Texas No. 4:11-cv-00903, referred to by the district court as "H-11-cv-903." Plaintiffs assert 4:06-cv-01306 involved a different child than does the instant litigation, but fail to address the district court's determination regarding No. 4:11-cv-00903, which involved the same child. Plaintiffs' failure to challenge the district court's finding that the instant litigation is duplicative of No. 4:11-cv-00903 constitutes an abandonment of any challenge that they might have had to this determination. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Plaintiffs have failed to establish that the district court's ruling was an abuse of discretion. *See Ruiz,* 160 F.3d at 275.

The judgment of the district court is AFFIRMED.