FILED
United States Court of Appeals
Tenth Circuit

November 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DALE E. HARPER,

      Plaintiff–Appellant,

v.

JAMES RUDEK; JOHN DOE, T.M.
Deputy Warden; NINA NAGEL-SILVA,
Correctional Officer; STOINSKY,
Correctional Officer; BEARDEN,
Sergeant, Correctional Officer;
AINSWORTH; BRASHEARS, Head of
Segregation; CHESTER, Warden,

      Defendants–Appellees.

Nos. 12-6183 & 12-6186
(D.C. No. 5:12-CV-00455-HE
& 5:12-CV-00456-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Dale Harper filed three essentially identical complaints in the Western District of

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma, alleging that prison officials have retaliated against him for filing another lawsuit. The district court opened three cases, numbers 12-0449, 12-0455, and 12-0456. Pursuant to its screening function under 28 U.S.C. § 1915A(a), the court concluded that the repetitious filings were an effort to control which magistrate judge would be assigned to Harper's case. Holding that two of the three lawsuits were malicious under 28 U.S.C. § 1915A(b)(1), the court dismissed cases 12-0455 and 12-0456.

We have consolidated Harper's appeal of the two dismissals. On appeal, Harper confirms that he filed three complaints, along with a letter instructing the district court clerk to dismiss the complaints if certain magistrate judges were assigned, in an effort to judge shop. We agree with the district court that such conduct is malicious under 28 U.S.C. § 1915A(b)(1). See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) ("Judge-shopping clearly constitutes conduct which abuses the judicial process." (quotation omitted)); Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff.").

We **AFFIRM** the district court's dismissal. Harper has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), and we accordingly **DENY** his motion to proceed in forma pauperis. We further impose two strikes under 28 U.S.C. § 1915(g) because these appeals are frivolous. See Jennings v.

-2-

<u>Natrona Cnty. Det. Ctr. Med. Facility</u>, 175 F.3d 775, 780-81 (10th Cir. 1999).[1]


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[1] We reject Harper's claim that the district court erred in imposing § 1915(g) strikes below.  A strike is appropriate if "while incarcerated or detained in any facility," a prisoner "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" regardless of whether the prisoner is proceeding in forma pauperis.  <u>Id.</u>