# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2013

No. 12-10440
Summary Calendar

Lyle W. Cayce
Clerk

TRACY RHINE,

Plaintiff-Appellant

v.

DR. JOHN SCHMIDT,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-64

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tracy Rhine, federal prisoner # 38612-177, appeals the dismissal of her 42 U.S.C. § 1983 complaint against Dr. John Schmidt. She complained of the lack of medical treatment for her knee and lower back. The district court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted.

Prior to the filing of the instant complaint, Rhine raised the same claim against Dr. Schmidt in *Rhine v. City of Mansfield*, No. 4:11-CV-76 (N.D. Tex.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aug. 25, 2011).  This claim was dismissed for failure to state a claim on which relief may be granted, and Rhine's appeal of that judgment is pending.

The district court shall dismiss a civil action seeking redress from an employee of a governmental entity if the court determines that the action is malicious.  § 1915A(b)(1).  Because the instant complaint was duplicative of a previously filed claim in another case, the complaint should have been dismissed without prejudice as malicious.  *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).  Although the district court did not dismiss the complaint as malicious, we may affirm the district court's judgment on any ground that is supported by the record.  *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).  Accordingly, we affirm the judgment but modify the dismissal to be without prejudice to Rhine's prosecution of her claim in the prior-filed action.  *See Pittman*, 980 F.2d at 995.

The district court's dismissal of Rhine's § 1983 complaint counts as a strike under § 1915(g).  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Rhine has two other strikes.  *Rhine v. City of Mansfield*, No. 4:11-CV-76 (N.D. Tex. Feb. 22, 2012); *Rhine v. Deaton*, No. 4:11-CV-26 (N.D. Tex. Apr. 8, 2011).  Because Rhine has accumulated at least three strikes, she may not proceed in forma pauperis in any civil action or appeal filed in a court of the United States while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  *See* § 1915(g).  She is also warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject her to additional sanctions.  She should review all pending matters to ensure that they are not frivolous.

AFFIRMED AS MODIFIED; § 1915(g) BAR IMPOSED.