# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2015

Lyle W. Cayce
Clerk

No. 14-40954

RUBEN SOLIS ANDERSON,

Plaintiff-Appellant

v.

F. GOODEN, Captain; PRESNELL, Lieutenant; LEAKES, Lieutenant; GODWIN, Lieutenant; MR BRIGANCE, Lieutenant; et al,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-57

Before SMITH, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ruben Solis Anderson, Texas prisoner # 596151, moves this court for authorization to proceed in forma pauperis (IFP) following the district court's dismissal of his 42 U.S.C. § 1983 complaint. Anderson does not dispute that he is subject to the three strikes bar of 28 U.S.C. § 1915(g). Under § 1915(g), a prisoner may not proceed IFP in a civil action or in an appeal of a judgment in a civil action if the prisoner has, on three or more prior occasions, while

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40954

incarcerated, brought an action or appeal that was dismissed as frivolous or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Anderson has failed to show that he should be allowed to proceed IFP on appeal under § 1915(g) or that his appeal of the district court's judgment presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Anderson's motion for leave to proceed IFP is denied. Likewise, his motion for the appointment of counsel is denied.

The facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal, *see, e.g., Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997), and Anderson has unsuccessfully litigated the same or similar claims in two prior § 1983 suits. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). Anderson has not shown that the appeal of the judgment of the district court presents nonfrivolous issues, and the appeal is dismissed as frivolous. 5TH CIR. R. 42.2.

IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.