CLD-176                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3816
_____

ANTHONY JOHNSON, on behalf of non party African Americans similarly situated

v.

THE CITY OF PHILADELPHIA, as a person; GARY GLAZER, J.; JOHN M.
YOUNGE, J.; THEODORE A. MCKEE, J.; CYNTHIA M. RUFE, J.; WILLIAM J.
DITTER, J.; WILLIAM H. YOHN, J.; THE UNITED STATES OF AMERICA, Viz.
U.S.; DEPARTMENT OF JUSTICE; U.S. DISTRICT COURT THIRD CIRCUIT
EASTERN DISTRICT OF PA, located in Philadelphia; L. FELIPE RESTREPO, J.;
AARON SHOTLAND, Assistant City Solicitor Philadelphia; THE PHILADELPHIA
DAILY NEWSPAPER; THOMAS N. O'NEILL, J. (all defendants are sued in their
individual and official capacities)

Anthony Johnson,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-05459)
District Judge Nitza I. Quinones Alejandro
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  March 18, 2016)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Anthony Johnson appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint as malicious. We will dismiss the appeal as frivolous.

I.

Johnson initiated this action in October 2015 against several state and federal judges, and other governmental entities and individuals, alleging that they violated his constitutional rights by prohibiting him from representing others in court, despite his obtaining their power of attorney. Johnson, who is not an attorney, appears to claim some constitutional right to represent others by virtue of possessing a power of attorney.

On October 8, 2015, the District Court granted Johnson's petition to proceed *in forma pauperis* and then dismissed his complaint as malicious, noting that it duplicates a case Johnson filed in the same District approximately two months earlier, asserting the same claim against different judges.

II.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's dismissal of the complaint as frivolous or malicious for abuse of discretion. See Denton

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

v. Hernandez, 504 U.S. 25, 33 (1992). Because Johnson is proceeding IFP, we must dismiss the appeal if it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

The District Court properly dismissed Johnson's claim as malicious because it duplicates a pending suit. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir.1993) (noting that a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff"). The District Court also accurately noted that Johnson's claim is legally frivolous because it is premised on an "indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995). The Constitution guarantees no right to represent others,[1] and our rule barring non-lawyers from representing others remains. See Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).

Accordingly, we will dismiss the appeal as legally frivolous under § 1915(e).

---

[1] In his Argument in Support of Appeal, Johnson argues that Pennsylvania's prohibition of the unauthorized practice of law "is nothing more than legalizing the 'Sedition Act.'" He does not identify any plausible constitutional basis for a right to represent others or address the duplicative nature of his suit.