# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-60425
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2016

Lyle W. Cayce
Clerk

————————

DAVID ADELE,

Plaintiff-Appellant

v.

TERRY ROGERS; ADAM DRAKE; PRESTON GOFF; JOHNATHAN MORAN;
BOBBY FAIRLEY,

Defendants-Appellees

————————————

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CV-448

————————————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

David Adele, now Mississippi prisoner # 200344, appeals the dismissal
of his 42 U.S.C. § 1983 complaint as frivolous for failing to state a claim and as
malicious. He argues that, as a pretrial detainee, he was denied access to the
courts and that his religious rights were violated.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60425

On appeal, Adele challenges the dismissal of his claims against only Terry Rogers and Johnathan Moran. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Consequently, he has waived any claims related to the dismissal of the other defendants. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the dismissal of Adele's claims of denial of access to the courts de novo. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Adele makes no argument showing that he was actually prejudiced by the actions of prison officials. Consequently, the district court did not err in dismissing these claims as frivolous for failing to state a claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997).

Review of the dismissal of Adele's religious claims is for abuse of discretion. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). Because Adele's claims were duplicative of claims raised in pending litigation, the district court did not err by dismissing them. *See id.*; 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). Nevertheless, because of the basis of the dismissal, the dismissal should have been without prejudice to Adele's prosecution of the duplicative suit, *Adele v. Goff*, Civil Action No. 1:14-CV-463, (*Goff*), which is pending in the Southern District of Mississippi. *See Pittman*, 980 F.2d at 995. Accordingly, the judgment is MODIFIED so that the dismissal is without prejudice as to the aforesaid litigation, and is otherwise with prejudice. The judgment is affirmed as modified.

The district court's dismissal of Adele's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Adele also received a strike based on the district court's dismissal of his complaint as frivolous in *Adele v. Jackson*, 1:14-CV-449, (S.D.

No. 15-60425

M.S. Jan. 12, 2015).  Adele is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MODIFIED; AFFIRMED AS MODIFIED; SANCTION WARNING ISSUED.