**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2117
_____

JASON L. BROWN,
                    Appellant

v.

CITY OF PHILADELPHIA OFFICE OF HUMAN RESOURCES;
CITY OF PHILADELPHIA OFFICE OF INNOVATION AND TECHNOLOGY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01108)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2018

Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: August 27, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jason Brown appeals from the District Court's dismissal of his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), as malicious and for failure to state a claim. For the reasons discussed below, we will affirm.

I.

In March 2018, Brown brought a complaint against the City of Philadelphia's Office of Human Resources and Office of Innovation and Technology. Brown alleged that the city's electronic job application process caused his "private property [to be] used by the Defendants without consent, bringing an abridgment to [his] freedom of expression and speech." Brown alleged that this conduct violated the First and Fifth Amendments, and several criminal statutes, including 18 U.S.C. §§ 241, 242, 1030, 1581, 1583, 1589, 1590, and 1593A. Brown sought money damages and an injunction ordering the city "to participate in paper applications."

Brown has previously made similar allegations in two separate cases. In the first case, his amended complaint was dismissed for failure to state a claim. See Brown v. City of Phila. Office of Human Res., No. 2-17-cv-5410, 2018 WL 563161, at *2 (E.D. Pa. Jan. 24, 2018). The second case was dismissed as malicious because it duplicated the allegations of the first case. See Brown v. City of Phila. Office of Human Res., No. 2-18-cv-544, 2018 WL 934611, at *2 (E.D. Pa. Feb. 15, 2018). Brown did not appeal in either case.

The District Court dismissed Brown's complaint in this case as malicious and for failure to state a claim. Brown then filed a "Motion Consenting to Magistrate Judge," in

2

which he appears to have requested the recusal of the District Judge, and sought reconsideration of the District Court's order based on "fraud." Brown did not make any specific allegations regarding the "fraud" or the District Court's bias. Instead, Brown argued that the District Court's rulings in his other cases were incorrect on the merits. In response, the District Court vacated its previous order, entered a new order which again dismissed the complaint with prejudice, and granted Brown no further relief. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. In Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995), decided before a major revision of 18 U.S.C. § 1915 in 1996, we held that significant deference should be given to a district court's order dismissing a complaint as malicious.[1] We review dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim under the same de novo standard of review as with our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[1] Even if the statutory revision suggests that we should now review the determination de novo, see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 203 (2007), we would still agree with the District Court's conclusion.

3

U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.

"A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch, 67 F.3d at 1086. Here, the District Court did not err in dismissing Brown's complaint as malicious because it duplicates the allegations of his prior lawsuits. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

We also agree with the District Court's dismissal of Brown's complaint for failure to state a claim. [2] Even a liberal reading of Brown's complaint fails to reveal any factual allegations that might support a plausible claim to relief. Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action. See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994). Although 18 U.S.C. § 1595, which he cites, provides a civil remedy for violations of the Trafficking Victims Protection Act, Brown failed to allege any facts suggesting that the defendants subjected him to human trafficking, peonage, or the like. See 18 U.S.C. § 1581 et seq. Similarly, while 18 U.S.C. § 1030 provides a civil remedy

---

[2] The District Court did not err in denying leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

for violations of the Computer Fraud and Abuse Act, Brown has failed to plausibly allege that the defendants accessed any computer without authorization. See 18 U.S.C. § 1030(g). Brown has not alleged sufficient facts to discern the basis of his First and Fifth Amendment claims, let alone state a plausible claim to relief.

Finally, the District Court did not abuse its discretion in determining that Brown's "Motion Consenting to Magistrate Judge" was meritless. To the extent Brown sought the recusal of the District Judge, Brown failed establish that a reasonable person would conclude that the District Court's impartiality might be questioned. See Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal). To the extent Brown sought reconsideration of the District Court's order, he failed to establish a need "to correct manifest errors of law or fact or to present newly discovered evidence." See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation marks and citation omitted). Brown's bald assertion of "fraud" was insufficient to warrant reconsideration.

Accordingly, we will affirm the judgment of the District Court.