**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2949
_____

EDWARD THOMAS KENNEDY,
                                        Appellant

v.

BRADLEY J. GETZ, in his official and individual capacities;
RICHARD H. D'AMBROSIA, in his official and individual capacities;
ROBERT EVANCHICK, in his official and individual capacities;
PENNSYLVANIA STATE POLICE; MALACHY EDWARD MANNION, in his official
and individual capacities; WILLIAM I. ARBUCKLE, in his official and individual
capacities; PENNSYLVANIA BAR ASSOCIATION; THE UNIFIED JUDICIAL
SYSTEM OF PENNSYLVANIA; THOMAS G. SAYLOR, in his official and individual
capacities; PHILIP CARL PETRUS, in his official and individual capacities;
RICHARD CHARLES CLINK, in his official and individual capacities;
THOMAS B. DARR, in his official and individual capacities;
ADMINISTRATIVE OFFICE OF THE PENNSYLVANIA COURTS (AOPC)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-18-cv-03532)
District Judge:  Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2018
Before:  KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 19, 2018)

_____

_____

PER CURIAM

Pro se appellant Edward Kennedy appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), as malicious and for failure to state a claim. For the reasons that follow, we will affirm.

In a filing received on August 20, 2018, Kennedy sought leave to proceed in forma pauperis ("IFP") with a complaint in the United States District Court for the Eastern District of Pennsylvania. Kennedy named numerous defendants, including, inter alia, police officers, judges, court administrators, the Pennsylvania State Police, the Pennsylvania Bar Association, the Unified Judicial System of Pennsylvania, and the Administrative Office of the Pennsylvania Courts. He sought damages as well as declaratory and injunctive relief as a result of defendants' alleged actions in connection with his arrests in June and August 2017,[1] and his incarceration from August 28 through August 30, 2017. On the Civil Cover Sheet accompanying his complaint, Kennedy indicated that his action presented a federal question and "other personal injury" issues. Kennedy's complaint is less than a model of clarity. However, he purported to assert causes of action for "trespass," "trespass on the case," "trespass on the case – vicarious

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Although Kennedy references the date of one of his arrests (which he characterizes as a "kidnapping") as August 28, 2018, we assume that this is a typographical error as the complaint itself is dated August 17, 2018.

2

liability," "failure to provide a republican form of government," and the "intentional infliction of emotional distress."

Upon review of the complaint, the District Court noted that Kennedy had previously made allegations regarding these same events in two separate cases filed in the Eastern District of Pennsylvania. In the first case docketed on March 6, 2018, at Kennedy v. Hanna, E.D. Pa. Civ. No. 18-cv-00977, Kennedy alleged that multiple officers used extreme force on June 2, 2017, while threatening to arrest him. He further alleged that he was assaulted and falsely imprisoned by deputy sheriffs with the Lehigh County Sheriff's Department on August 28, 2017. Kennedy's complaint also contained assertions that in August 2017, while he was being held at the Lehigh County Jail, he was subjected to rectal examinations, non-consensual medical examinations, and solitary confinement. See id. (ECF No. 3). The Honorable C. Darnell Jones, II, granted Kennedy leave to proceed IFP and directed service of the complaint. See id. (ECF No. 2). Defendants have filed a motion to dismiss that complaint, and the proceedings remain pending at this time.

The second case, docketed at Kennedy v. Commonwealth of Pa., E.D. Pa. Civ. No. 18-cv-03374, was filed on August 8, 2018, against the Commonwealth of Pennsylvania and Governor Tom Wolf. Kennedy made mention of the events of June 2, 2017, and August 28, 2017, as well as the conditions of his confinement while housed in the Lehigh County Jail. The matter was likewise assigned to District Judge Jones, who entered an order on August 24, 2018, granting Kennedy IFP status and dismissing his complaint for

failure to state a claim. See id. at (ECF No. 4). In its order, the District Court specifically concluded that any claims Kennedy wished to raise with respect to the events of June 2, 2017, and August 27, 2017, were dismissed without prejudice to his proceeding with those claims in E.D. Pa. Civ. No. 18-cv-00977. See id.

The District Court in the current case further noted that Kennedy's litigiousness with respect to many of the named defendants and the events of June and August 2017 carried over into complaints that he filed in the Middle District of Pennsylvania, and one complaint that was filed in the Southern District of New York and subsequently transferred to the Middle District of Pennsylvania. See Mem. Op. at 4, citing Kennedy v. Petrus, M.D. Pa. Civ. No. 18-cv-00697; Kennedy v. Dutcavage, M.D. Pa. Civ. No. 18-cv-00767; Kennedy v. Evanchick, M.D. Pa. Civ. No. 18-cv-00777; and Kennedy v. Borough of Minersville, M.D. Pa. Civ. No. 18-cv-01325.

The District Court, having granted Kennedy permission to proceed IFP, screened the complaint under 28 U.S.C. § 1915(e)(2)(B). The District Court ultimately dismissed the complaint, with prejudice, for failure to state a viable claim, see 28 U.S.C. § 1915(e)(2)(B)(ii), and for being "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i), insofar as Kennedy filed at least three lawsuits with respect to the events that occurred in June and August 2017. The District Court, moreover, concluded that any attempts by Kennedy to amend his pleading would be futile and impermissible in light of his other proceedings. Instead, the District Court instructed Kennedy to seek leave to amend his complaint pending at E.D. Pa. Civ. No. 18-cv-00977, should he seek to clarify any of his

4

claims or name more individuals allegedly involved in the events of June and August 2017. The court further placed him on warning that filing another civil action regarding these same results may result in a restriction of his filing privileges. See Mem. Op. at 9 (citing Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990)). This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Our review of a dismissal under 28 U.S.C. § 1915(e)(2)(B)(i), is for abuse of discretion unless the District Court applied legal precepts (in which case it is de novo). See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

As the District Court stated, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Id. at 1086. Here, the District Court reasoned that Kennedy's complaint is malicious because this is the third lawsuit he filed in the Eastern District with respect to these same events. Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. See, e.g., Pittman v. Moore,

5

980 F.2d 994, 995 (5th Cir. 1993). The complaint before the District Court disclosed no legitimate purpose for Kennedy's action given the complaint pending at E.D. Pa. Civ. No. 18-cv-00977 involving these same events. Kennedy has offered no argument on appeal challenging the District Court's determination that his motivation in filing this most recent action was to vex, injure, or harass the defendants, and we have found no abuse of discretion on the part of the District Court.

For essentially the reasons set forth in the District Court's Memorandum Opinion at pages 7-8, we also agree with the District Court's dismissal of Kennedy's complaint for failure to state a claim.[2] The only argument Kennedy presents in his Informal Brief is the contention that the District Court had no "jurisdiction or authority" to enter judgment for defendants. See Informal Br. at 2-3. However, the District Court had jurisdiction over Kennedy's complaint pursuant to 28 U.S.C. §§ 1331 and 1367. Given the conclusions of the District Court's screening, dismissal of the complaint was proper under both § 1915(e)(2)(B)(i) and (ii). The conclusory allegations in Kennedy's brief are baseless and do not warrant further discussion.

Accordingly, we will affirm the judgment of the District Court.

---

[2] The District Court did not err in denying leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).