ELD-043                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3244
_____

JOSEPH CUNNINGHAM,
                              Appellant

v.

JP MORGAN CHASE BANK
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:13-cv-00756)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 3, 2013
Before:  SMITH, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 21, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Joseph Cunningham appeals from the District Court's order dismissing

his amended complaint against JP Morgan Chase Bank (hereinafter, "the Bank").  There being

no substantial question presented, we grant the Bank's motion to summarily affirm the District

Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Cunningham's complaint arises from a foreclosure action initiated by the Bank in the Delaware Superior Court. At issue in that case is a mortgage executed by Joseph Cunningham, Sr., Cunningham's deceased father. Over five months after the Bank initiated the foreclosure case, Cunningham filed a rambling complaint in the District Court. This complaint was a combination of discovery requests and an allegation that the Bank has committed fraud by concealing the satisfaction of the mortgage from the heirs of Cunningham's father's estate. The District Court dismissed his complaint without prejudice and provided him time within which to file an amended complaint.

Cunningham filed his amended complaint, again asserting various discovery requests and his fraud allegation. His amended complaint appears to allege that the Bank's fraudulent actions interfered with his ability to defend against the foreclosure, and he asked the District Court to enjoin the foreclosure action and award him $1 million in damages. The District Court dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).[1] This appeal followed.[2]

---

[1] The Younger abstention doctrine "reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Gwynedd Props., Inc. v. Lower Gwynedd Twp., 970 F.2d 1195, 1200 (3d Cir. 1992) (internal quotation marks omitted). Under this doctrine, "federal courts must abstain in certain circumstances from exercising jurisdiction over a claim where resolution of that claim would interfere with an ongoing state proceeding." Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the legal determinations of whether the requirements for Younger abstention have been met and, if so, we review the district court's decision to abstain for abuse of discretion." FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996).

We agree with the District Court that <u>Younger</u> abstention was appropriate in Cunningham's case. Such abstention is appropriate "only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." <u>Kendall v. Russell</u>, 572 F.3d 126, 131 (3d Cir. 2009). Here, the foreclosure action against Cunningham is ongoing in the Delaware Superior Court, and this proceeding implicates important state interests. Finally, Cunningham has adequate opportunities to raise his fraud claim in state court. Furthermore, Cunningham has not demonstrated "bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." <u>Anthony v. Council</u>, 316 F.3d 412, 418 (3d Cir. 2003). Accordingly, the District Court did not abuse its discretion by deciding to abstain. Therefore, we grant the Bank's motion for summary action and will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.