**CLD-141**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2928
_____

JOSEPH CUNNINGHAM,
                                                   Appellant

v.

MORTGAGE CONTRACTING SERVICES LLC;
JP MORGAN CHASE/DUANE MORRIS LLP
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-15-cv-00356)
District Judge:  Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 11, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph A. Cunningham, Jr., appeals pro se from the District Court's order dismissing his complaint against JP Morgan Chase/Duane Morris LLP and Mortgage Contracting Services LLC (together, "JP Morgan Chase"). For the following reasons, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4 and I.O.P. 10.6.

In November 2012, JP Morgan Chase commenced an action in the Delaware Superior Court against Cunningham's deceased father, Joseph Cunningham, Sr., to foreclose on a defaulted mortgage secured by property located at 247 Auckland Drive in Newark, Delaware. Cunningham, the executor of his father's estate, challenged JP Mortgage Chase's claim to the property by filing a purported "counter-claim" in the foreclosure action.

In May 2013, while the foreclosure action was still pending, Cunningham commenced an action against JP Morgan Chase in the United States District Court for the District of Delaware. Cunningham made various discovery requests and claimed that the bank had fraudulently concealed the satisfaction of the mortgage. The District Court dismissed the complaint pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), and based on its determination that the complaint was frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Cunningham v. JP Morgan Chase Bank, D. Del. No. 13-cv-00756 (order entered Jul. 2, 2013). We summarily affirmed the District Court's order on the ground that the court had properly abstained. Cunningham v. JP Morgan Chase, 537 F. App'x 44 (3d Cir. 2013) (per curiam) (not precedential).

2

In May 2015, Cunningham filed a second complaint in the District Court against JP Morgan Chase, the complaint at issue in this appeal. Cunningham alleged that JP Morgan's foreclosure action was improper and illegal because the bank had not proved its ownership of the promissory note. Cunningham also alleged that he had a right to rescind his father's signature. Lastly, Cunningham claimed that "so-called property managers" hired by JP Morgan Chase had illegally broken into the property.[1] By way of relief, Cunningham sought $1 million dollars in damages and copies of certain documents relating to the property. The District Court again dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)[2] and the Younger abstention doctrine. This appeal followed.

We agree with the District Court that Younger abstention was appropriate in Cunningham's case.[3] Abstention is appropriate under the Younger doctrine "only when (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an

_____

[1] Cunningham asserted that jurisdiction was proper in the District Court by virtue of diversity of citizenship, and because his claims arose under the 1786 Treaty of Peace and Friendship, the Truth in Lending Act, and the Fair Debt Collection Practices Act.

[2] Specifically, the District Court determined that the complaint was "malicious" under § 1915(e)(2)(B)(i). Given that, for the reasons discussed below, we agree with the District Court that abstention under Younger was appropriate here, we need not reach this alternative ground for dismissal.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the legal determinations of whether the requirements for Younger abstention have been met and, if so, we review the district court's decision to abstain for abuse of discretion." FOCUS v. Allegheny Cnty. Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996).

adequate opportunity to raise federal claims." Kendall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009). These elements are satisfied here. The foreclosure proceedings against the estate, which are clearly "judicial in nature," are ongoing in the Superior Court.[4] In addition, this Delaware proceeding implicates the important interest of preserving the authority of the state's judicial system. See Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975). Finally, Cunningham has adequate opportunities to raise his legal objections and discovery requests, as well as any federal claim he might have, in the state-court action. We also note that Cunningham has not demonstrated "bad faith, harassment or some other extraordinary circumstance" that would warrant federal interference. Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2003).

We have reviewed Cunningham's arguments on appeal and conclude that he has failed to demonstrate that the District Court abused its discretion in abstaining in this matter.[5] Because this appeal presents no substantial question, we will summarily affirm the District Court's order. See Third Cir. LAR 27.4 and I.O.P. 10.6.

---

[4] The Delaware Superior Court docket report reflects that JP Morgan Chase successfully moved to dismiss Cunningham's purported counterclaim, but that, at the time this matter was before the District Court, the foreclosure complaint was still pending. Indeed, it remains pending at the time of this writing.

[5] We see no error in the District Court's decision to dismiss the pro se complaint without first providing Cunningham an opportunity to amend because, given the court's decision to abstain from adjudicating the complaint, amendment would have been futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4