**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1712
_____

JOSEPH A. CUNNINGHAM, JR., Trustee;
EL CUNNINGHAM BUTLER BOZEMAN HEIRS FAM TRUST

v.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION,
organized and existing under the laws of the U.S.A.

Joseph A. Cunningham, Jr.,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1:18-cv-00596)
District Judge: Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2020
Before: SHWARTZ, RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Joseph A. Cunningham, Jr., proceeding in forma pauperis ("IFP"), appeals from the District Court's dismissal of his claims after screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In 2018, Cunningham filed a complaint in the District Court alleging claims stemming from a foreclosure action. Cunningham's deceased father had owned the property at issue, and Cunningham is the executor of his father's estate. After lengthy legal proceedings in state court, the property appears to have been sold at a sheriff's sale in November 2019, but the sale has not yet been confirmed. Cunningham's vague, rambling complaint appeared to allege that his rights were violated because documents were somehow illegally amended during the foreclosure proceedings and because his father was never served with process "due to his death." Compl. at p. 6.

After granting Cunningham's application to proceed IFP, the District Court screened his complaint and dismissed it. The District Court determined that because Cunningham had repeatedly and unsuccessfully brought similar claims regarding the foreclosure action in prior cases before the District Court and this Court, his complaint should be dismissed pursuant to § 1915(e)(2)(B)(i) as malicious.[1] See Cunningham v.

---

[1] The District Court also concluded that abstention was appropriate pursuant to the Younger abstention doctrine. As discussed further below, because the District Court did

2

Mortg. Contracting Servs. LLC, 634 F. App'x 361 (3d Cir. 2016); Cunningham v. JP Morgan Chase Bank, 537 F. App'x 44 (3d Cir. 2013). The District Court determined that amendment would be futile. Cunningham timely appealed.[2]

"A court that considers whether an action is malicious must . . . engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995). The District Court did not err in dismissing Cunningham's complaint as malicious because Cunningham's vague allegations, to the extent that they can be deciphered, essentially duplicate his numerous prior lawsuits about events that occurred years ago in this same foreclosure action.[3] See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). Under these circumstances, the District Court did not abuse its discretion in concluding that it would be futile to grant Cunningham leave to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

not err in dismissing Cunningham's complaint under § 1915(e)(2)(B)(i), we need not address the District Court's alternative ground for dismissal.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. In Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995), decided before a major revision of § 1915 in 1996, we held that significant deference should be given to a district court's order dismissing a complaint as malicious. Even if the statutory revision suggests that we should review the determination de novo, see McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 203 (2007), we would still agree with the District Court's conclusion.

[3] Cunningham does not address this issue in his appellate brief.

Accordingly, we will affirm the District Court's judgment.