# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
October 16, 2018

Lyle W. Cayce
Clerk

No. 17-41017
Summary Calendar

DARLENE C. AMRHEIN,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA, Civil Process Clerk, Loretta Lynch; DONALD JOHN TRUMP, SR., President; MIKE PENCE, Vice President; NOEL FRANCISCO, United States Solicitor General; JEFFERSON B. SESSIONS, III, United States Attorney General, et al,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-223

Before JONES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Darlene C. Amrhein has applied for leave to proceed in forma pauperis (IFP) in this appeal from the district court's judgment dismissing her complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and malicious and in part pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon which relief may be granted.  The district court determined that the appeal was not taken in good faith, and it decertified Amrhein's IFP status.

A movant for IFP on appeal must show that she is a pauper and that she will present a nonfrivolous issue on appeal.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); § 1915(a)(1).  We assume without deciding that Amrhein is a pauper.  By moving this court for leave to proceed IFP, Amrhein is challenging the district court's determination that her appeal is not taken in good faith.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This rule applies to nonprisoners.  *Id.* at 199-200.  This court's inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

A district court must sua sponte dismiss an IFP complaint in a civil action at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.  § 1915(e)(2)(B).  A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation and fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *Black v. Warren,* 134 F.3d 732, 733-34 (5th Cir. 1998); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).  Contrary to Amrhein's assertions, a § 1915(e)(2)(B) dismissal may be prior to service of process on the defendants.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e) to non-prisoner).

No. 17-41017

Amrhein asserts that this appeal should be decided by another circuit court.  She contends that the court has a conflict of interest because the court and several of its judges and clerk of court were named as defendants in this case based on this court's decision in *Amrhein v. La Madeleine, Inc.*, 589 F. App'x 258 (5th Cir. 2015).  These assertions are frivolous.  Adverse judicial rulings alone do not support a claim of bias unless they "reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Mizell*, 88 F.3d 288, 299-300 (5th Cir. 1996) (panel members are not required to recuse themselves merely because of an adverse decision in a prior related matter).  Amrhein has not made such a showing.

We note that this court's judges are entitled to absolute immunity for their judicial acts and its clerk of court is entitled to absolute or qualified immunity.  *See Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  Amrhein makes no effort to show that the district court erred in concluding that this court and its judges and clerk are immune.  Amrhein's main complaint in this appeal is that United States District Judge Mazzant and United States Magistrate Judge Nowak were unfairly biased and retaliated against her because of her age, gender, and indigency; that they had conflicting interests; and that they should have recused themselves.  Amrhein has not shown that the district court abused its discretion in denying her recusal motion.  *See Garcia v. Laredo*, 702 F.3d 788, 794 (5th Cir. 2012); *see also Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

Amrhein asserts that the district court erred in determining that this case is malicious because it relates to matters that have already been litigated.

She argues that the judgment affirmed by this court in *Amrhein*, 589 F. App'x at 259-60, is "void" because the district court's order of dismissal was rendered prior to service of process on the defendants. Again, such dismissals are not improper. *See Green*, 788 F.2d at 1119. Amrhein insists that she is entitled to an award of "long term disability" for her work-related injury. The same claim was at the root of the prior case and its state court antecedent. *See Amrhein*, 589 F. App'x at 259; *see also Amrhein v. La Madeleine, Inc.*, 2013 WL 839227 (Tex. App. 2013).

Thus, Amrhein has not shown that there is a non-frivolous argument that the district court abused its discretion in dismissing the instant complaint in part as frivolous and malicious pursuant to § 1915(e)(2)(B)(i) because it relates to the same series of events and allegations of many of the same facts asserted by her in her prior lawsuit. *See Pittman*, 980 F.2d at 994-95. Nor has she shown that the district court erred in dismissing the complaint in part pursuant to § 1915(e)(2)(B)(ii) because it failed to state a claim upon which relief may be granted. *See Black*, 134 F.3d at 733-34.

Leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. We WARN Amrhein again that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. Amrhein's motion to stay and continue the appeal is DENIED AS MOOT.